IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK NATHANSON, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>POLYCOM, INC., ANDREW M. MILLER, MICHAEL R. KOUREY, and ERIC F. BROWN,<br><br>      Defendants. | Case No. 13-3476 SC<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR <u>RECONSIDERATION</u> |

    Now before the Court is Defendants Michael Kourey and Eric Brown's, two former CFOs of Defendant Polycom, motion for leave to file a motion for reconsideration of the Court's order, ECF No. 72 ("Order"), denying Kourey and Brown's motion to dismiss claims under Section 20(a) of the Securities Exchange Act of 1934. <u>Id.</u> at 34; ECF No. 73 ("Mot."). Plaintiff filed a response. ECF No. 75 ("Opp'n"). The Court finds no hearing is necessary, and thus the motion is ripe for disposition. Civ. L.R. 7-9(d). For the reasons set forth below the motion is DENIED.

    Kourey and Brown argue that the Court's decision not to dismiss Plaintiffs' Section 20(a) claims against them was erroneous

because to impose Section 20(a) liability, "plaintiff must show that a primary violation was committed and that the defendant 'directly or indirectly' controlled the violator." Paracor Fin. Inc. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1161 (9th Cir. 1996). Because the only primary violation the Court found adequately pleaded was against Polycom's former CEO, Andrew Miller, and not Polycom, Kourey, or Brown, and the complaint contains no allegations that Kourey or Brown controlled Miller, Kourey and Brown conclude the Court's failure to dismiss the Section 20(a) claims against them was erroneous.

However, that argument -- because Kourey and Brown did not control Miller, they cannot be held liable under Section 20(a) for his acts -- was first raised in Kourey and Brown's reply brief. Compare ECF No. 51 ("MTD") at 21 n.17 (arguing only that "[t]he absence of a claim under Section 10(b) precludes a claim under Section 20(a) . . . .") (citations omitted), with, ECF No. 59 ("Reply") at 14-15 (making the same argument now raised in the motion for leave to file motion for reconsideration). As numerous courts (including the Ninth Circuit) have concluded, "[i]t is inappropriate to consider arguments raised for the first time in a reply brief." Ass'n of Irritated Residents v. C & R Vanderham Dairy, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006); see also United States v. Romm, 455 F.3d 990, 997 (9th Cir. 2006) (declining to consider an issue first raised on reply because "'arguments not raised by a party in its opening brief are deemed waived.'") (quoting Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999)); Cedano-Viera v. Ashcroft, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in

a reply brief."); Bazuaye v. INS, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."). As a result, the Court cannot have "manifest[ly] fail[ed]" to consider this argument, because it would have been inappropriate to consider in the first place. Civ. L.R. 7-3(b)(3).

Accordingly, Kourey and Brown's motion for leave to file a motion for reconsideration is DENIED. Defendants should instead raise these issues in their motion to dismiss Plaintiff's first amended complaint.

IT IS SO ORDERED.

Dated: April 16, 2015

UNITED STATES DISTRICT JUDGE